Gilberto PARRA, #62716, Petitioner,

v.

Ray PAGE, Warden, the District Court of Greer County, and the State of Oklahoma, Respondents.

No. A-13981.

Court of Criminal Appeals of Oklahoma.

July 26, 1967.

Gilberto Parra, pro se, and Johnston Murray, Oklahoma City, for petitioner.

G. T. Blankenship, Atty. Gen., Hugh H. Collum, Asst. Atty. Gen., for respondents.

NIX, Presiding Judge:

This is an original proceeding in habeas corpus, whereby Gilberto Parra alleges that he is illegally confined in the Oklahoma State Penitentiary and seeks his release therefrom. The petitioner asserts that he is confined in said penitentiary by virtue of a judgment and sentence rendered against him by the District Court of Greer County. That said judgment is void because the petitioner was denied due process during the course of events leading up to his plea of guilty to a murder charge. The record before us reflects that petitioner was taken into custody by the Sheriff of Greer County and charged with Murder on the 13th day of September, 1959. The record reveals that petitioner entered a plea to said charge on September 24, 1959 and was sentenced to serve Life in the penitentiary. The petitioner was then transported to the penitentiary on September 25, 1959.

Petitioner contends that at the time of his arrest he was a 23 year old un-educated Mexican-American migrant worker from the border town of Laredo, Texas. That he could neither read, write nor speak English. The only language he could speak or understand was Spanish. That he could not understand any of the proceedings that took place. No interpreter was present at any stage of the proceeding to explain to petitioner what was taking place. We have before us the minutes of the court which read as follows:

*"September 24, 1959:*

Yonne P. McDaniel is appointed by Court to represent Defendant. Defendant appearing in person and by his attorney, Yonne P. McDaniel. Defendant arraigned. Defendant waives reading of Information. Defendant states name is true on information. Defendant enters plea of guilty. Upon Defendant's plea of guilty it is Judgment and Sentence of Court, Defendant is guilty as charged in Information. It is further Judgment and Sentence of court that Defendant be transported to McAlester by the Sheriff of this County at his earliest convenience to serve a term of Life in State Penitentiary. Time to begin when delivered to Warden of that institution. Court orders attorney fee of $25.00 be paid to Yonne P. McDaniel, payable out of Court Fund."

Also attached to petition is a number of affidavits, including two from former teachers who were in charge of the educational program at the penitentiary. They were serving in that capacity when petitioner was received at the prison. They both stated petitioner could not speak English at the time of his arrival. That assistance was required of other Spanish speaking inmates when petitioner was assigned to the school.

Petitioner appeared before this Court, and testified in his own behalf; and after more than seven years, he still indicated a poor knowledge of the English language. The Court found the benefit of an interpreter very helpful in understanding petitioner's plight.

He was represented before this Court by the Honorable Johnston Murray, who speaks Spanish fluently. The State was represented by Assistant Attorney General Charles L. Owens, who offered no testimony, but later filed affidavits by the then county attorney, and Hollis Arnett, now County Judge. Mr. Arnett stated in his affidavit "that he has no independent recollection of the matter but that the Justice of the Peace docket showed that he appeared for petitioner, waived reading of the information and waived a preliminary hearing, that the petitioner was bound over to the District Court and held without bail". This, in substance, constituted the context of Mr. Arnett's affidavit. Mr. Saseen (the county attorney), in his affidavit, stated that at the time, petitioner could speak English well, and that petitioner made a statement without the aid of an interpreter. That he wrote the statement and read it back to petitioner, and petitioner signed it. That he had no difficulty in communicating orally with petitioner. That he advised him he was entitled to a lawyer, and gave him a list of the lawyers in town. That

petitioner selected Hollis Arnett. Affiant further stated that he conversed with Mr. Arnett on the telephone one day before arraignment and was advised that petitioner was going to plead guilty and take Life. That he answered Mr. Arnett had discussed this with petitioner. The following day petitioner appeared in court with Yvonne P. McDaniel, who was then appointed to represent the petitioner, at which time a plea of guilty was entered and petitioner was sentenced to Life imprisonment. This constitutes the State's case before this Court.

There seems to be considerable conflict in the contention of the parties as to what actually happened before, during, and after arraignment.

■ This Court has often held that where such a conflict exists, the minutes of the court will be given great weight. See, Gourley v. Raines, Okl.Cr., 371 P.2d 520; also, Cottrell v. McLeod, Okl.Cr., 342 P.2d 240; also, In re Brown, Okl.Cr., 305 P.2d 593.

The minutes, as heretofore cited, reflect that Yvonne P. McDaniel was appointed to represent petitioner on the day of arraignment. The minutes fail to show petitioner was advised of his right to a jury trial; likewise, he was not advised that he had 24 hours in which to plead, and 48 hours before judgment could be passed upon him, and they *do not* reflect that the time in which to plead was waived, nor the 48 hours before judgment could be passed. Neither did the minutes reflect an interpreter present.

Petitioner contended that he did not understand the proceeding nor what was taking place, and that his attorney entered the plea for him without benefit of an interpreter.

■ It has been the policy of this Court, where a defendant is placed on trial for his life, that he should have the advantage of every right which the law secures to him before the bar of Justice. A fair and impartial administration of the laws is one of the most sacred rights of the citizen, and it is the duty of trial courts, in the administration of the law, to see that the accused—however guilty he may be—shall have a fair trial according to the due and orderly course of law, and this duty is emphasized in a capital case.

■ The minutes of the instant case do not reveal that petitioner was provided with these fundamental rights which guarantee a fair and impartial trial. His attorney was appointed on the day of the arraignment, according to the minutes, and could not possibly have had time to check into the facts of the case, or to determine whether petitioner had a meritorious defense, before entering a plea of guilty.

■ This Court believes that the Constitutional guaranty that he shall have the right to the assistance of counsel, means that he shall have the benefit of the best of his lawyer's skill, interest, and ability. This must be especially true when the defendant is an indigent illiterate Mexican itinerant farm laborer with little knowledge, if any, of the English language.

He was arraigned on one day, and found himself in the penitentiary the next day, doing a life sentence for Murder.

■ We feel that this man [in view of his vagueness of the English language] should have been provided with an interpreter, for his benefit, as well as his counsel and the trial court. It being a capital case, he should have been advised of his rights to a jury trial. He should have been given 24 hours in which to plead, and sentence should not have been pronounced until the statutory time had run. That he should have been advised of all his constitutional rights that were not shown in the minutes.

In the case of Goben v. State, 20 Okl.Cr. 220, 201 P. 812–814, the learned Judge Doyle, in rendering the opinion, said:

"Every person charged with crime, whether guilty or innocent, is entitled to a fair and impartial trial—that is, a trial in accordance with the rules of law, and

the principles of justice; and it is a duty resting upon the courts to see that this guaranty conferred by the Constitution upon every citizen is upheld and sustained."

A very similar case was passed on by this Court in an opinion written by the late Judge Barefoot, involving a foreigner who had a limited knowledge of the English language. No interpreter was appointed, and defendant was not given 24 hours in which to plead, and the attorney was appointed on the day of trial. Ex parte Cannis, 83 Okl.Cr. 113, 173 P.2d 586:

"We have examined all the cases accessible bearing upon this question, and the rule appears to be well settled that, under the constitutional guaranty that the accused shall have the right to the assistance of counsel, counsel appointed to defend the accused in a capital case must be given a reasonable time to prepare for trial, to investigate the facts, and examine the law applicable to the case, and this without being forced to a showing as to witnesses, and what is expected to be proven by them. It may be stated here and in this connection that the failure of counsel appointed to defend to take 24 hours to plead, and to specifically demand that the defendant be accorded these constitutional rights, is strong and convincing proof of the necessity of the rule."

After a thorough review of the record before us, and a study of the law applicable thereto, we are of the opinion that petitioner was denied fundamental rights in the proceedings before the District Court of Greer County as heretofore recited, and, that by reason thereof, the judgment and sentence was pronounced without due process of law; and that said judgment and sentence should be vacated and set aside.

It is, therefore, ordered that the judgment and sentence pronounced against the defendant in cause No. 3024 in the District Court of Greer County be, and the same is, hereby vacated and set aside.

It is further ordered that the Warden of the State Penitentiary at McAlester, Oklahoma, be and is hereby commanded forthwith to deliver the custody of Gilberto Parra to the custody of the Sheriff of Greer County, Oklahoma; and it is further ordered that the said Sheriff of Greer County, Oklahoma, hold the said Gilberto Parra pending the disposition of the charge filed against him in cause No. 3024 in the District Court of Greer County; or until he is otherwise discharged, as by law in such cases.

Writ granted with instructions.

BRETT, J., concurs.

BUSSEY, J., not participating.