Thomas Lewis ADCOCK, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–15126.

Court of Criminal Appeals of Oklahoma.

Oct. 22, 1969.

Jay D. Dalton, Public Defender, for plaintiff in error.

G. T. Blankenship, Atty. Gen., Gary Glasgow, Asst. Atty. Gen., for defendant in error.

BUSSEY, Judge.

This is an appeal from the judgment and sentence rendered against Thomas Lewis Adcock, hereinafter referred to as defendant, in the District Court of Tulsa County, Case No. 22,131, after he had entered a plea of guilty to the charge of Burglary in the Second Degree, After Former Conviction of a Felony.

Briefly stated, it appears that while represented by counsel of his own choice, the defendant appeared in open court and entered a plea of guilty to the charge of which he stands convicted. Prior to accepting his plea, the trial court thoroughly and meticulously explained to the defendant his rights, the nature and consequence of such plea, and the punishment which could be imposed therefor. The defendant acknowledged that he was guilty as charged and that he had not been promised any benefit or threatened or intimidated in order to secure such plea.

The defendant remained free on his bond until the date set for the rendition of judgment and sentence, at which time he failed to appear and his bond was forfeited and a bench warrant was issued for his arrest. Thereafter, when he was apprehended, his attorneys were permitted to withdraw and he again appeared before the Judge for sentencing, represented by the Public Defender. Prior to imposing judgment and sentence, the defendant was asked if he desired to offer anything in mitigation of punishment and he offered nothing. The State recommended a sentence of five years imprisonment, whereupon the court advised the parties that he was not bound to follow the recommendation of the State and the defendant still stood on his plea. After carefully reviewing the record, the court declined to follow the recommendation of the State, and sentenced the defendant to a ten year term of imprisonment in the state penitentiary. Eight days after the imposition of judgment and sentence, the defendant for the first time sought to withdraw his plea of guilty, alleging that he had been induced into entering such plea by his attorney on the representation that the State would recommend a sentence of five years imprisonment. This also was the basis of one of the assignments of error in the Motion for New Trial.

On appeal the defendant argues two assignments of error under a single proposition. They are (1) that the defendant's plea of guilty was influenced by the representation that the State of Oklahoma would recommend a five year sentence and that the trial court therefore erred in refusing to allow him to withdraw his plea of guilty; and (2) that the punishment imposed is excessive. We are of the opinion that neither of these assignments of error possess sufficient merit to warrant lengthy discussion; suffice it to say, that it affirmatively appears that the defendant freely and voluntarily entered a plea of guilty with full knowledge of the nature and consequence of such plea and acknowledged his guilt. It further appears that although he was advised by the trial court, prior to the rendition of judgment and sentence, that the court was not bound by the recommendation of the State, he never sought to withdraw said plea until eight days after judgment and sentence was imposed; nor does it appear that he ever retracted his admission of guilt made in open court or stated that he had a valid defense. In Pierce v. State, Okl.Cr., 394 P.2d 241, this Court stated in the third paragraph of its Syllabus:

"The law favors the trial of criminal cases on the merits, but this does not mean that the trial court should allow a defendant to withdraw a plea of guilty where there is no showing that the plea was entered through inadvertence, ignorance, or without deliberation but it is apparent that the application to withdraw the plea of guilty is for the purpose of delay and to defeat the ends of justice."

We believe the rule enunciated in Pearce v. State, supra, is controlling in the instant case and that the defendant's first assignment of error is without merit.

The defendant's second contention is equally without merit, for the punishment imposed was well within the range provided by law and indeed the facts and circumstances would have justified an even greater sentence. In Bales v. State, Okl.

Cr., 429 P.2d 1014, we stated in the fifth paragraph of the Syllabus:

"Punishment fixed at 11 to 33 years in state penitentiary for second-degree burglary, after former conviction of felony, was not excessive since within range provided by law."

For all of the reasons above set forth, we are of the opinion that the judgment and sentence appealed from should be, and the same is hereby, affirmed.

BRETT, P. J., and NIX, J., concur.