Sam LANDEROS, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16201.

Court of Criminal Appeals of Oklahoma.

Jan. 20, 1971.

274

William J. Williams, Ardmore, for plaintiff in error.

G. T. Blankenship, Atty. Gen., for defendant in error.

BRETT, Judge.

Sam Landeros, plaintiff in error, hereinafter referred to as defendant, was arraigned in the District Court of Carter County, Oklahoma, on September 8, 1969, on a charge of Murder. Defendant appeared with his court appointed counsel and at the arraignment especially set on defendant's request on that date, the defendant entered a plea of guilty to the charge of Murder. He was sentenced to life imprisonment and from that sentence this appeal has been perfected.

Defendant was charged with having caused the death of one, Milton Parker, on or about August 30, 1969. He was apprehended the following evening, taken into custody and interrogated by the Carter County authorities; thereafter, on September 8, 1969, he appeared before the District Court when the court explained his constitutional rights, including his right to trial by jury. From the record it initially appears the defendant, knowingly and intelligently, waived his rights to a jury trial when he entered his plea of guilty, with court appointed counsel being present; however, further examination of the record indicates that because of defendant's inability to speak English he may not have clearly understood the questions put to him by counsel and the court. At the time of arraignment, when the district court accepted the defendant's plea of guilty, the District Attorney advised the court that he had been in telephone conversation with Dr. Larry Cartmell, who assisted in performing the autopsy on the deceased, who told him that the cause of death was undetermined. Dr. Cartmell advised the District Attorney that he had also consulted with Dr. James Luke, Oklahoma State Medical Examiner, both of whom reached the same conclusion. On that premise the District Attorney recommended that the defendant be sentenced to life imprisonment in the Oklahoma State Penitentiary.

Prior to imposing sentence, the court inquired of the defendant and his counsel if they chose to add anything to the District Attorney's statement; and if they chose to change defendant's plea from guilty to not guilty. To both inquiries the defendant answered "no". The court then proceeded to sentence defendant to life imprisonment in the state penitentiary and advised him of his rights to appeal.

Defense counsel requested that the court suspend the sentence. The court advised counsel it would be necessary that a written Motion be filed during the ten (10) day period the defendant was retained in the court's jurisdiction. Thereafter, counsel filed his Motion for Suspended Sentence and also filed an Application to withdraw the plea of guilty, and substitute therefor a plea of not guilty.

On September 30, 1969, a hearing was had on defendant's Motion; and it was during these proceedings when defendant's inability to properly converse in the English language was fully made known to the court. Defense counsel had present in court a qualified person to serve as an interpreter; however, the trial court preferred to conduct the hearing using the English language, which was done. Defendant took the witness stand and testified to the best of his ability, utilizing the English language, which the record reflects was with a limited capability. Thereafter,

the court denied defendant's Motions and directed that the defendant be transported to the Oklahoma State Penitentiary.

In this appeal defendant complains concerning his being questioned by representatives of the sheriff's office and by the District Attorney; the failure of the trial court to permit him to withdraw his plea; the court's failure to utilize an interpreter who could relate more completely defendant's answers to the questions posed to him. A review of the record before the Court convinces us that defendant, being of Mexican descent and unable to read and write, was so limited in the use of the English language he did not fully comprehend what was being said; and he should have been afforded the opportunity to testify through an interpreter.

We conclude the defendant did not knowingly and intelligently waive his constitutional rights. The record is sufficient to convince this Court that defendant did not understand an explanation of those rights being made in the English language, and consequently any waiver was not intelligently entered.

This Court held in Parra v. Page, Okl.Cr., 430 P.2d 834 (1967), that in cases where the defendant is unable to properly speak the English language, an interpreter should be provided, as a wholesome precautionary measure; and to assure that all of defendant's waivers were knowingly and intelligently entered. In the *Parra case, supra,* the defendant was likewise a Mexican person charged with the crime of Murder, who entered a plea of guilty. For the reason the trial court failed to provide an interpreter for that defendant, his conviction was reversed and remanded for a new trial.

After reviewing the record before this Court, we are of the opinion that defendant's application to withdraw his plea of "guilty" and to substitute therefor a plea of "not guilty" and to stand trial by jury should have been granted. This court said in Snug Harbor Association, Inc., v. State, Okl.Cr., 444 P.2d 249 (1968):

"The Court of Criminal Appeals has held consistently that a defendant in a criminal case should be permitted to withdraw his plea of guilty given unadvisedly before or after judgment, where any reasonable ground is offered in support of his motion."

See also Dodson v. Page, Okl.Cr., 461 P.2d 957 (1969) and Adcock v. State, Okl.Cr., 461 P.2d 960 (1969).

We conclude further this case must be reversed and remanded for a new trial, with instructions that defendant be permitted to withdraw his plea of guilty and enter a plea of not guilty; and, further, unless the State has more evidence to offer relating to the decedent's cause of death, than was presented in the hearings heretofore conducted by the Honorable District Court, in the interest of justice this case should be dismissed.

We have carefully scrutinized the evidence presented and are of the opinion that unless the state can produce additional evidence we consider the circumstantial evidence heretofore introduced is not sufficient to overcome the defendant's presumption of innocence on the charge of Murder. This is especially true considering the pathologist's report indicating the cause of decedent's death, is undetermined.

It is therefore ordered that this case be reversed and remanded to the District Court of Carter County for further proceedings consistent with this opinion.

Reversed and remanded.

NIX, J., concurs.

BUSSEY, P. J., concurs in result.