**UNITED STATES of America, Appellee,**

v.

**Orlando Vasquez CARRION, Defendant, Appellant.**

**No. 72–1243.**

United States Court of Appeals, First Circuit.

Heard Nov. 6, 1973.

Decided Nov 29, 1973.

Certiorari Denied April 1, 1974.

See 94 S.Ct. 1613.

Edwin P. Whittemore, Boston, Mass., by appointment of the Court, with whom Robert M. Cove, was on brief, for defendant, appellant.

Robert B. Collins, Asst. U. S. Atty., with whom James N. Gabriel, U. S. Atty., was on brief, for appellee.

Before COFFIN, Chief Judge, ALDRICH and McENTEE, Circuit Judges.

PER CURIAM.

Appellant, convicted of knowingly aiding and abetting the distribution of heroin in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2, contends that his

**14**

Fifth and Sixth Amendment rights were abridged during trial because (1) the court allowed into evidence impermissible and prejudicial hearsay, (2) appellant was denied effective assistance of counsel, and (3) the court refused to appoint an interpreter for him.

■■ The first claim is clearly lacking in merit. Even assuming that the statements were not admissible under the theory of joint venture, the court granted a motion to strike them and gave careful instructions to disregard them. Therefore, we think it unlikely that the jury relied upon the questioned extra-judicial statements in determining appellant's guilt, Bruton v. United States, 391 U.S. 123, 88 S.Ct. 1620, 20 L.Ed.2d 476 (1968). We also find the second claim to be frivolous, since counsel's failure to call an alibi witness to the stand may have been motivated by strategic considerations. Appellant's third contention, however, deserves more attention, particularly in light of scarce judicial authority on the right to a court-appointed interpreter and the possible confusion which might attend this subject in the future.

Appellant is a foreign-born national with a limited ability to speak and comprehend English. He claims that, although he admitted to the court some ability to communicate and understand, his counsel's assertion at the start of the trial of the possibility of a "problem of communication" should have prompted the court to hold a special hearing to determine the extent of the problem. As evidence of his difficulty with the language, appellant points to several instances during his own testimony where questions had to be repeated or where his responses were so unclear as to require that he rephrase them. On at least one occasion the court indicated that there was apparently a "language barrier".

■ The necessity for an interpreter to translate from a defendant's native language into English when the defendant is on the stand, and from English into the defendant's native language when others are testifying, has been elevated to a right when the defendant is indigent and has obvious difficulty with the language, Negron v. New York, 310 F.Supp. 1304 (E.D.N.Y.1970), aff'd, 434 F.2d 386 (2d Cir. 1970); cf. Gonzalez v. People of Virgin Islands, 109 F.2d 215 (3d Cir. 1940). Clearly, the right to confront witnesses would be meaningless if the accused could not understand their testimony, and the effectiveness of cross-examination would be severely hampered. Terry v. State, 21 Ala.App. 100, 105 So. 386, 387 (1925); cf. Dusky v. United States, 362 U.S. 402, 80 S.Ct. 788, 4 L.Ed.2d 824 (1962). If the defendant takes the stand in his own behalf, but has an imperfect command of English, there exists the additional danger that he will either misunderstand crucial questions or that the jury will misconstrue crucial responses. The right to an interpreter rests most fundamentally, however, on the notion that no defendant should face the Kafkaesque spectre of an incomprehensible ritual which may terminate in punishment.

Yet how high must the language barrier rise before a defendant has a right to an interpreter? It is well settled that there is no right to an interpreter if the foreign-born defendant speaks fluent English and is "completely aware of all the proceedings". Cervantes v. Cox, 350 F.2d 855 (10th Cir. 1965). The status of the right becomes less certain, however, where, as in the present case, the defendant has some ability to understand and communicate, but clearly has difficulty.

■ Because the determination is likely to hinge upon various factors, including the complexity of the issues and testimony presented during trial and the language ability of the defendant's counsel, considerations of judicial economy would dictate that the trial court, coming into direct contact with the defendant, be granted wide discretion in determining whether an interpreter is necessary. See Perovich v. United States, 205 U.S. 86, 91, 27 S.Ct. 456, 51 L.Ed.

722 (1907); United States v. Barrios, 457 F.2d 680 (9th Cir. 1972); United States v. Sosa, 379 F.2d 525, 527 (7th Cir. 1967), cert. denied, 389 U.S. 845, 88 S.Ct. 94, 19 L.Ed.2d 111 (1967). It would be a fruitless and frustrating exercise for the appellate court to have to infer language difficulty from every faltering, repetitious bit of testimony in the record. But precisely because the trial court is entrusted with discretion, it should make unmistakably clear to a defendant who may have a language difficulty that he has a right to a court-appointed interpreter if the court determines that one is needed, and, whenever put on notice that there may be some significant language difficulty, the court should make such a determination of need.

■■ Although the trial court in the present case did not hold a formal hearing on the question whether the appellant required a translator, it was obviously sensitive to the appellant's plight in that it did grant pretrial motions made by the appellant's two co-defendants, each asking for an interpreter during the proceedings.* Thus, a procedure was available for the appellant to allege and show a language difficulty before trial commenced. Moreover, the court specifically asked counsel whether the appellant was able to communicate and understand English, to which appellant's counsel responded in the affirmative. Finally, the court told the appellant that if, at any point in the proceedings, there was something he did not understand, he need only raise his hand and the testimony would be repeated. We are not prepared to hold that the appellant had a constitutional right to any more than this.

Affirmed.

* The court refused appellant's request that one interpreter sit between appellant and a co-defendant on the reasonable ground that "[i]t doesn't work well if an interpreter has to translate for two people." In a situation where two or more parties require the services of an interpreter in the same language, it would seem to us advisable to consider the alternative of having but one interpreter and pacing the examination of witnesses to allow time for the translation into the parties' own tongue. We say this not out of a sense of economy but from a recognition of the desirability of avoiding any possibility that several parties receive differing versions of the testimony.