COMMONWEALTH *vs.* ROBERT TURELL. October 24, 1978. The defendant was tried by a jury and convicted of attempted rape of a twelve-year-old child. The sole issue on appeal is whether the judge erred in denying the motion of defense counsel for an interpreter made for the first time when counsel commenced to interrogate his client on direct

examination. There was no error. Although he denied the defendant's initial motion, the judge explicitly informed defense counsel that he could renew his request for an interpreter if the defendant encountered difficulty in understanding or responding to questions. At the close of direct examination of the defendant, defense counsel requested that the defendant be allowed to answer questions on cross-examination through an interpreter. At that time the judge found that the defendant had comprehended and adequately answered the questions put to him on direct examination, and that he had sufficient understanding to be cross-examined as long as the cross-examiner proceeded slowly and with restraint in the use of leading questions. Furthermore the court assured defense counsel that an interpreter would be available to explain inconsistencies, if any, which might occur in the course of the defendant's cross-examination. An interpreter was present and was sworn but was not called upon by the judge or defense counsel to interpret either during cross-examination or on redirect examination of the defendant. While the assistance of an interpreter may well be a matter of right "where the indigent defendant has little or no understanding of English" (*Negron* v. *New York,* 310 F. Supp. 1304 (E.D.N.Y.), aff'd, 434 F.2d 386 [2d Cir. 1970]), such was not the case here. The judge found, and our reading of the transcript confirms, that the defendant, at the very least, "has some ability to understand and communicate." *United States* v. *Carrion,* 488 F.2d 12, 14 (1st Cir. 1973), cert. denied, 416 U.S. 907 (1974). In such a situation the determination of need for an interpreter is left to the "wide discretion" of the judge. *Ibid.* Contrary to the defendant's contention that inadequate consideration was given to the defendant's language difficulty, the provision made by the judge for the interpreter to stand by during cross-examination demonstrated the judge's continuing sensitivity to the issue raised by defense counsel. *Id.* at 15. We conclude that the judge in this case properly exercised his discretion.

*Judgment affirmed.*

The case was submitted on briefs.
*Steven J. Rappaport* for the defendant.
*Lance J. Garth,* Assistant District Attorney, for the Commonwealth.