In re Application of Luis Torres MURGA
and Guillermo Torres Murga for Order
Directing Employment of Interpreters.

No. 54990.

Supreme Court of Oklahoma.

March 31, 1981.

S. David Hopper, Watonga, for petitioner, Luis Torres Murga.

Vera L. Riley, Watonga, for petitioner, Guillermo Torres Murga.

LAVENDER, Justice:

This is an original action brought by Luis Torres Murga and Guillermo Torres Murga, hereinafter referred to as "the defendants." The defendants, who are indigent, were charged in the District Court of Blaine County, Oklahoma, with the offense of Murder in the First Degree. They are citizens of the Republic of Mexico and do not speak or understand the English language. Because of this disability, they moved the district court to appoint an interpreter and to pay the interpreter out of the Blaine County Court Fund.

The district court conducted a hearing and held, following *Parra v. Page*[1] and *Landeros v. State*,[2] that the defendants should be provided an interpreter. However, the court further held that he was without statutory authority to approve a claim against the court fund for the expense of an interpreter for the defendants.[3] He therefore overruled their motion, and the defendants then filed an "Application for Extraordinary Writ" with the Court of Criminal Appeals. In their application the defendants sought an order directing the district court to provide an interpreter paid out of the court fund, and an order directing the Administrative Director of the Courts to make funds available to the district court for the purpose of providing the interpreter. The application came to this Court by an Order of Transfer from the Court of Criminal Appeals. We issued an order granting the defendants' application, with opinion to follow. They were provided with an interpreter. This opinion confirms our earlier order.

 There is no doubt that these defendants need an interpreter. They neither speak nor understand the English language. English is our national language and the language employed in our state court proceedings. The Constitution extends to foreign nationals the same rights afforded citizens accused of a crime.[4] When a defendant cannot speak or understand English, however, several of these rights cannot be preserved without the assistance of an interpreter. Among these rights are the right to counsel,[5] the right to confront adverse witnesses,[6] the right to cross-examine those witnesses,[7] and the right to be present and participate at one's own trial.[8] Without an interpreter any prosecution of these defendants would be constitutionally in-

1. 430 P.2d 834 (Okl.Cr.1967).

2. 480 P.2d 273 (Okl.Cr.1971).

3. The procedure for approving claims against the court fund is set out generally in 20 O.S. Supp.1975 § 1304(a). The allowable claims are set out in section 1304(b), which states:

 The term "expenses" shall include the following items and none others:
 (1) principal and interest on bonds issued prior to January 1, 1968, Title 19 of the Oklahoma Statutes, Sections 771 through 778;
 (2) compensation of bailiffs and part-time help;
 (3) juror and witness fees and mileage, as well as overnight accommodation and food expense for jurors kept together as set out in Title 28 of the Oklahoma Statutes, Sections 81 et seq., except that expert witnesses who appear on behalf of the State of Oklahoma shall be paid a reasonable fee for their services from the court fund;
 (4) office supplies, books for records, postage and printing;
 (5) furniture, fixtures and equipment;
 (6) renovating, remodeling and maintenance of courtrooms, judge's chambers, clerk's offices and other areas primarily used for judicial functions;
 (7) judicial robes;
 (8) attorney's fees for indigents in the trial court and on appeal;
 (9) transcripts ordered by the court;
 (10) necessary telephone expenses, gas, water and electrical utilities for the part of the county courthouse occupied by the court;
 (11) communication equipment for use in the operation of the sheriff's office upon approval of the Board of Governors and the Supreme Court. Such approval shall not be granted unless the Board of Governors and the Supreme Court each first find and certify that an emergency exists and the county is unable to provide and furnish the funds from the general fund of the county and that such approval is in the best interest of the State of Oklahoma and is an essential necessity to the efficient operation of the sheriff's office; and
 (12) any other expenses now or hereafter expressly authorized by statute.

4. *Harisiades v. Shaughnessy*, 342 U.S. 580, 586, 72 S.Ct. 512, 517, 96 L.Ed. 586, 597 (1952). See also Okla.Const. art. 2, §§ 7, 20.

5. *Parra v. Page*, 430 P.2d 834, 837 (Okl.Cr. 1967); *United States ex rel. Negron v. New York*, 310 F.Supp. 1304, 1308 (E.D.N.Y.1970), aff'd, 434 F.2d 386, 389 (2d Cir. 1970); *State v. Natividad*, 111 Ariz. 191, 526 P.2d 730, 733 (1974) (in banc).

6. *Negron*, 310 F.Supp. at 1307–08, 434 F.2d at 389; *United States v. Carrion*, 488 F.2d 12, 14 (1st Cir. 1973), cert. denied, 416 U.S. 907, 94 S.Ct. 1613, 40 L.Ed.2d 112 (1974); *Natividad*, 526 P.2d at 733.

7. *Negron*, 310 F.Supp. at 1307, 434 F.2d at 389–90; *Carrion*, 488 F.2d at 14; *Natividad*, 526 P.2d at 733.

8. *Negron*, 434 F.2d at 389–90; *Carrion*, 488 F.2d at 14; *Natividad*, 526 P.2d at 733.

firm. The Constitution requires that one be appointed for them.

 The State incurs an expense, of course, when interpreters are hired. As the trial court observed, expenditures for interpreters are not among the "expenses" authorized to be paid from the court fund by our statutes.[9] But when the Constitution requires the appointment of an interpreter it also requires an expenditure for that purpose, and when the Constitution requires an expenditure the courts must order it, statutes notwithstanding.[10] We therefore hold that in cases in which the services of an interpreter are required, the courts are authorized to approve expenditures from the court fund to pay for the services. This is such a case, and we hereby confirm our previous order.

We will leave the formulation of procedures and guidelines for the appointment of interpreters to the Court of Criminal Appeals, to develop by rule or by case law as the Court sees fit. Until the Court of Criminal Appeals has set down guidelines for the appointment of interpreters, we commend to the district courts the discretionary criteria set forth in *United States v. Carrion*[11] and *State v. Natividad.*[12]

 There is no need in this case to direct an order to the Administrative Director of the Courts. District courts authorizing expenditures out of the court fund for interpreters should handle those expenditures administratively as they do expenditures for attorney's fees for indigents.

ORIGINAL JURISDICTION ASSUMED; ORDER CONFIRMED.

All of the Justices concur.

---

**9.** Note 3, *supra.*

**10.** *Little v. County Excise Board*, 161 Okl. 40, 42, 16 P.2d 1080, 1082 (1932); *Riley v. Carter*, 165 Okl. 262, 262, 25 P.2d 666, 667 (1933) (syllabus); *State ex rel. Wall v. Holder*, 279 P.2d 1098, 1099–1100 (Okl.1955).

**11.** 488 F.2d at 14–15.

**12.** 526 P.2d at 733–34.