**James Robert DIES, Appellant,**

v.

**The STATE of Oklahoma, Appellee.**

**No. M–87–653.**

Court of Criminal Appeals of Oklahoma.

Sept. 15, 1988.

Jim Neil Harkins, Holcomb & Harkins, Buffalo, for appellant.

Robert H. Henry, Atty. Gen., Wellon B. Poe, Asst. Atty. Gen., Oklahoma City, for appellee.

OPINION

BRETT, Presiding Judge:

The appellant, James Robert Dies, was tried by jury for the crimes of Petit Larceny (Count I), Conspiracy (Count II) and Permitting an Unlicensed Person to Operate a Motor Vehicle (Count III), in violation of 21 O.S.1981, §§ 421, 1704 and 47 O.S. 1981, § 6–305, respectively. Appellant was tried in Case No. CRM–87–29 in the District Court of Harper County and found not guilty of the charges in Counts I and II. However, the jury returned a verdict of guilty on Count III and set punishment at a two hundred and fifty dollar ($250.00) fine. The trial court sentenced the appellant accordingly. From this judgment and sentence, the appellant appeals to this Court.

In addition to the $250.00 fine, the appellant was assessed one hundred twenty-five dollars ($125.00) in costs for an interpreter's fee. Subsequent thereto, the appellant

filed his Motion to Reassess these costs and a Motion to Reconsider Assessment of Costs. Both motions were denied. The record reveals that the trial court ordered the appointment of an interpreter upon oral application by the State. This interpreter was not appointed to assist the appellant, but was appointed to assist a State witness.

As his sole assignment of error, appellant asserts that the trial court erred in assessing as costs, the fees of this interpreter; and that the court lacked authority to impose these costs as part of his judgment and sentence. In support of his position, appellant argues that because costs of an interpreter are not specifically listed in either Section 101 or Section 153 of Title 28 (1981), these costs could not be assessed against him. We disagree.

Title 28 O.S.1981, § 101 provides in part that "all costs in the prosecution of all criminal actions shall, in case of conviction of the defendant, be adjudged a part of the penalty of the offense...." The statute further provides that this provision shall include "fees and mileage of witnesses."

A person who is engaged in discharging the duties of an interpreter is a witness. 98 C.J.S. Witnesses § 326 (1987); *State v. Van Pham*, 234 Kan. 649, 675 P.2d 848, 860 (1984). As such, their fees are subject to the provisions of 28 O.S.1981, §§ 81, 82. Section 81 provides the basis upon which to calculate a witness's fees. Section 82 provides that upon conviction, a witness's fees and mileage shall be taxed as costs in the case and collected as other costs in the case. Under these statutory provisions, it is proper to assess as costs against the appellant the interpreter's fees and mileage as calculated under Section 81.

Appellant cites *Application of Murga*, 631 P.2d 735 (Okl.1981) for the proposition that the interpreter's fees must be handled as an administrative expense which should be paid from the court fund. That case can be distinguished from the present case in that the interpreter there was appointed for the purpose of translating the testimony of indigent defendants. In *Murga*, the court held that in cases where the appointment of an interpreter is constitutionally required, the courts are authorized to approve the expenditures from the court fund to pay for the interpreter's services.

We therefore hold that the interpreter's fees in this case may be properly assessed against the appellant under Title 28 O.S. 1981, §§ 81, 82, 101. Both the appellant and the State, however, have failed to give this Court the proper information by which to calculate the proper amount of the interpreter's fees and mileage. We therefore remand this matter to the trial court for a proper determination of the interpreter's fees in accordance with the applicable statutory law.

For the above-mentioned reasons, we therefore REMAND this matter to the trial court for proceedings not inconsistent with this opinion.

BUSSEY and PARKS, JJ., concur.