1998 OK CIV APP 67

1998 OK CIV APP 67

**DEPARTMENT OF HUMAN SERVICES,
and Felicia Rudey Schmidt,
Plaintiff/Appellant,**

v.

**Brandon Shane WOMACK,
Defendant/Appellee.**

No. 89817.

Court of Civil Appeals of Oklahoma,
Division No. 1.

April 24, 1998.

---

**572**

Ellen Colclasure Steely, Duncan, for Plaintiff/Appellant.

Joseph H. Humphrey, Duncan, for Defendant/Appellee.

1.  10 O.S. Supp.1996 § 7003–8.7 is substantially the same as the statute in effect at the time of this hearing, 10 O.S. Supp.1995 § 7003–8.7. It provides in part:

    **§ 7003–8.7. Parents able to pay—Care and maintenance of child—Reimbursements and costs—Orders for enforcement**

    A.  In any postadjudicatory hearing concerning the status of a child, the court, if the court determines the parent is able to pay, shall order the parents of any child found to be a deprived child to:

    1.  Pay for the care and maintenance of the child, including, but not limited to, all or some part of placement services, medical care and mental health services, as authorized by law;

    2.  Reimburse the Department of Human Services, in whole or in part, for any costs and expenses incurred by the Department in pro-

## OPINION

GARRETT, Judge.

¶ 1  This case arose as a juvenile action in which it was alleged B.R.W., the minor child of Appellant, Felicia Rudey Schmidt, was abused by her husband, Darren Schmidt. Appellant, Department of Human Services (DHS), thereafter filed a paternity action against Appellee, Brandon Shane Womack, which established he was the natural father of B.R.W. Womack filed a motion to modify custody and to change the child's surname to Womack. The two cases were combined in the trial court. At the hearing on the matter, Appellant Schmidt, who is hearing impaired, required an interpreter, and one was appointed. The trial court sustained Womack's motion to change surname of the minor child and awarded him reasonable and seasonable minimal visitation and reasonable liberal telephonic communication. The court denied Womack's motion for custody, but ruled it would revisit the custody issue if the child's step-father, Darren Schmidt, has any contact whatsoever with the child. Darren Schmidt was incarcerated at Fort Sill, Oklahoma, at the time of the hearing on February 6, 1997, with the earliest possible release date of July 24, 1998. The court ordered that DHS would retain legal custody, and Appellant Schmidt would retain physical custody.

¶ 2  The court also assessed the cost of the interpreter against Appellant Schmidt for the juvenile action only. The transcript of the hearing shows the court held that its authority to impose this obligation on her is 10 O.S. § 7003–8.7.[1] The court's order contains the following:

viding any services or authorizing actions taken pursuant to the Oklahoma Children's Code for the child;

3.  Reimburse any law enforcement agency, in whole or in part, for any costs or expenses incurred by the law enforcement agency for protective custody services or other authorized actions taken pursuant to the Oklahoma Children's Code; and

4.  Reimburse the court fund, in whole or in part, for any disbursements made from the court fund in conjunction with the case, including, but not limited to, court-appointed attorney fees, expert witness fees, sheriff's fees, witness fees, transcripts and postage.

B.  1.  After a judicial determination that the parent of the child is able to pay, in whole or in part, the costs and reimbursements specified by this section, the court shall order pay-

The Court further finds, orders, adjudges and decrees that Plaintiff, Felicia R. Schmidt, is financially able to pay certain costs and assessments of the interpreters, court costs and sheriff's fees utilized in the juvenile matter and it is so ordered with payments to be set out in the Service Plan beginning the first payment the 15th of this month, and a like payment the 15th of each month thereafter.

■ ¶ 3   This appeal is submitted on Appellant Schmidt's brief only.  Therefore, this Court is under no duty to search the record for a theory to sustain the trial court's judgment if her brief is reasonably supportive of the allegations of error.  If her brief is not so supportive, the trial court's decision will be affirmed.  *Cooper v. Cooper,* 1980 OK 128, 616 P.2d 1154.

¶ 4   For reversal, Appellant Schmidt contends the following:

1.   The court erred in assessing against her the cost of providing an interpreter for hearings in the juvenile action in violation of State and Federal laws.

2.   Assessing the cost of an interpreter for a hearing impaired person denies that person equal access to the courts and is a violation of their constitutional right of due process.

■ ¶ 5   Appellant Schmidt does not contest the court's authority under § 7003–8.7 to assess the sheriff's fees and court costs against her, but disagrees § 7003–8.7 is authority to assess the costs of the interpreter against her.  She contests only those fees which arose solely as a result of her disability, i.e., costs that would not be assessed against a non-disabled person in similar circumstances.  She cites 63 O.S. Supp.1995 §§ 2409 and 2415, a part of the Oklahoma Interpreter for the Deaf Act, 63 O.S.1991 § 2407 et seq.  As pertinent here, these sections provide:

§ 2409.   Appointment of interpreter in court action or grand jury proceeding

A.   *In any case before any court or grand jury, wherein a person who is unable to hear the proceedings due to physical disability, such as deafness or other physical conditions, and is a complainant, defendant or witness, the court shall, upon request, appoint a qualified interpreter to interpret the proceedings to the deaf person and interpret his testimony or statements and to assist in preparation with counsel.*  The court shall also appoint an interpreter, upon request, for any party proceeding in forma pauperis in an action before the court.  [Emphasis supplied.]
B.   Efforts to obtain the services of a qualified interpreter with the highest available level of certification will be made prior to accepting services of an interpreter with lesser certification.  No qualified interpreter shall be appointed unless a preliminary determination is made that the interpreter is able to communicate readily with the deaf person and is able to interpret accurately the statements of the deaf person and interpret the proceedings in which a deaf person may be involved.  It shall be the responsibility of the Department of Rehabilitation Services to assist the appointing authority and the deaf person in the determination of interpreter qualifications.

§ 2415.   Interpreter's fees
An interpreter appointed under the provisions of this act shall be entitled to a reasonable fee for such services.  The Chief Justice of the Supreme Court shall consider the prevailing rate of the Department of Rehabilitation Services, and establish a rate pursuant to the provisions of Sections 2409 and 2410 of this title.  When the interpreter is appointed by a court, the fee shall be paid out of the local court fund as provided for in Section 1304 of Title 20 of the Oklahoma Statutes and when the interpreter is otherwise appointed, the fee shall be paid out of funds available to the appointing authority.  [Footnote omitted].

ment of the costs and reimbursements.  The court may order such payments and reimbursements to be paid in installments and shall

set the amount and due date of each installment. . . .  [Footnote omitted.]

Section 2409 requires the court, upon request, to appoint an interpreter "in any case before any court or grand jury" for a deaf person who is "a complainant, defendant or witness". In the instant case, there is no question but that the court did appoint an interpreter for Appellant Schmidt. The question herein is whether she should be required to pay for it. Section 2415 provides that when an interpreter is appointed by a court, the fee is to be paid "out of the local court fund as provided for in Section 1304 of Title 20" and when the interpreter "is otherwise appointed, the fee shall be paid out of funds available to the appointing authority." 20 O.S. Supp.1997 § 1304[2] provides, in part:

§ 1304. Claims allowable—Approval—Limitation on courthouse building

A. Claims against the court fund shall include only expenses lawfully incurred for the operation of the court in each county. Payment of the expenses may be made after the claim is approved by the district judge who is a member of the governing board of the court fund and either the local court clerk or the local associate district judge who is a member of the governing board. No expenditures falling into any category listed in paragraphs 2, 6, 7 and 8 of subsection B of this section, may be made without prior written approval of the Chief Justice of the Supreme Court. The Supreme Court may provide by rule the manner in which expenditures in the restricted categories shall be submitted for approval. When allowing the expenditures in paragraphs 6 and 7 of subsection B of this section, the Chief Justice shall direct that resort first be had to the surplus funds in the court fund in the county involved.

B. The term "expenses" shall include the following items and none others:

. . .

*15. Interpreter fees* . . . . [Emphasis added].

¶ 6 Appellant Schmidt also contends she is denied her rights to equal protection because, without the interpreter, she would be unable to participate in the court proceeding which put her at a disadvantage to protect her legal rights. She cites *In Re Application of Murga,* 1981 OK 36, 631 P.2d 735. Because the statute, as applicable to a court appointed interpreter, requires payment of his fees from the court fund, it is unnecessary to address the constitutional issue.

¶ 7 Appellant Schmidt's brief is reasonably supportive of the allegations of error.

¶ 8 REVERSED.

JOPLIN, P.J., and CARL B. JONES, V.C.J., concur.

---

2. 20 O.S. Supp.1996 § 1304, the statute in effect at the time of this order, was significantly similar to the current statute.