

**FILE**

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON
DATE NOV 2 5 2015
for CHIEF JUSTICE

This opinion was filed for record
at 8:00 am on Nov. 25, 2015

for Ronald R. Carpenter
Supreme Court Clerk

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of | ) ) ) No. 89657-7 |
| ZAHID AZIZ KHAN, | ) ) En Banc ) |
| Petitioner. | ) ) Filed **NOV 2 5 2015** ) |

GONZÁLEZ, J.—Zahid Khan was tried, without an interpreter, for multiple counts of child molestation and rape. Khan is not a native English speaker, and his level of English fluency is disputed. It is undisputed that he was not offered an interpreter by the court or by his attorney. Khan contends, among other things, that his trial was unfair and that his attorney provided ineffective assistance of counsel by not securing an interpreter. Khan asks that we vacate his convictions. We find he has not made the requisite showing for such relief. In the alternative, Khan asks for an evidentiary hearing to develop the factual basis for his claims. We conclude he has made the requisite showing for such a hearing. Accordingly, we reverse the Court of Appeals' order dismissing this personal restraint petition. We remand to that court for entry of an order transferring Khan's petition to the Snohomish

County Superior Court for a reference hearing. That reference hearing should determine whether Khan's constitutional and/or statutory rights were violated by the lack of an interpreter and whether any such violation caused him the requisite prejudice for collateral relief.

## BACKGROUND

A full statement of the facts of the underlying crimes is available in the Court of Appeals' opinion on direct review. *State v. Khan*, noted at 149 Wn. App. 1052, 2009 WL 1058626. Briefly, Khan was born in Pakistan in 1972 and moved to the United States in 1999. Pers. Restraint Pet. App. B at 1. He is a native speaker of Urdu with, he contends, only limited English proficiency. *Id.* He lived with his wife, Eram Mirza; their two children; and his wife's daughter from a previous marriage, R.H. *Khan*, 2009 WL 1058626, at *1. After midnight one night in 2007, Mirza and her sister heard R.H. cry out for help. *Id.* Mirza and her sister ran up the stairs and found Khan standing over his crying stepdaughter with an erection. *Id.* A few days later, Mirza called Child Protective Services, who referred the matter to the police. *Id.* Khan was charged with and convicted of multiple counts of child molestation and rape. *Id.* at *1-2. Despite his limited English proficiency, he was not offered an interpreter.

After his direct appeal was denied, Khan filed this timely personal restraint petition contending, among other things, (1) that the lack of an interpreter deprived him of due process and equal protection of law, denied him a fair trial, and denied him effective assistance of counsel. He also contends that his counsel provided ineffective assistance (2) by failing to move for a mistrial or to seek a curative

instruction after the prosecutor allegedly exploited his lack of English proficiency and (3) by failing to secure an expert to testify that his stepdaughter lacked physical injuries consistent with her testimony that Khan had been abusing her for several years.

The acting chief judge dismissed Khan's petition in a lengthy order. While the order did not explicitly say Khan's petition was frivolous, under the Rules of Appellate Procedure, only frivolous personal restraint petitions are subject to dismissal by order of a single judge. RAP 16.11(b); *In re Pers. Restraint of Khan*, Order Dismissing Pers. Restraint Pet. No. 66398-4-I, at 12 (Wash. Nov. 13, 2013) (citing RAP 16.11(b)).[1] Khan moved for discretionary review, arguing that, procedurally, his personal restraint petition should have been either referred to a panel of judges for a determination on the merits or transferred to the trial court for further factual development. On the merits, Khan renewed and reformulated his first three claims for relief. We accepted review. *In re Pers. Restraint of Khan*, 181 Wn.2d 1013, 336 P.3d 1165 (2014).

### 1. RAP 16.11(b) AND NONFRIVOLOUS PETITIONS

The acting chief judge dismissed this petition under former RAP 16.11(b) (1998). At the time, RAP 16.11 provided in relevant part:

> The Chief Judge determines at the initial consideration of the petition the steps necessary to properly decide on the merits the issues raised by the

---

[1] Khan also contended in his personal restraint petition that his right to an open public trial was violated when the potential jurors filled out confidential juror questionnaires, that his trial counsel was ineffective for not advising him that the questionnaires implicated his open public trial right, and that his appellate counsel was ineffective for not assigning error to the closed questionnaires and for failing to investigate whether Khan's stepdaughter had a motive to fabricate the charges. He did not renew these claims before us, and we do not consider them.

petition. If the issues presented are frivolous, the Chief Judge will dismiss the petition. If the petition is not frivolous and can be determined solely on the record, the Chief Judge will refer the petition to a panel of judges for determination on the merits. If the petition cannot be determined solely on the record, the Chief Judge will transfer the petition to a superior court for a determination on the merits or for a reference hearing. The Chief Judge may enter other orders necessary to obtain a prompt determination of the petition on the merits.

Former RAP 16.11(b).[2] Khan's petition was not referred to a panel under former RAP 16.11(b) and counsel was not appointed under RCW 10.73.150(4). Thus, we infer, the Chief Judge concluded it was frivolous. This was error. We take this opportunity to consider the meaning of the word "frivolous" for purposes of Title 16 RAP.

Khan suggests we adopt the approach we take under RAP 18.9(a) to determine whether an appeal is frivolous for purposes of sanctions. Second Suppl. Br. in Supp. of Pers. Restraint Pet. (Pet'r's Second Suppl. Br.) at 4-5. Under this approach, an appeal is frivolous "'if there are no debatable issues upon which reasonable minds might differ and it is so totally devoid of merit that there [is] no reasonable possibility of reversal.'" *State v. Chapman*, 140 Wn.2d 436, 454, 998 P.2d 282 (2000) (alteration in original) (quoting *State ex rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 905, 969 P.2d 64 (1998)). Khan's suggestion is consistent with his allusions to the well-pleaded complaint rule, under which federal jurisdiction for purposes of filing is determined by a plaintiff's well-pleaded complaint, not the existence of any defenses. Mot. for Discr. Review at 2;

---

[2] This and related rules were amended in 2014. Under the current rules, a personal restraint petition will be dismissed "if it is clearly frivolous or clearly barred by RCW 10.73.090 or [RAP] 16.4(d)." RAP 16.8.1(b); RAP 16.11(b). Under either version, "'Chief Judge'" includes "'Acting Chief Judge.'" RAP 16.11(a).

*see also Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal.*, 463 U.S. 1, 10, 103 S. Ct. 2841, 77 L. Ed. 2d 420 (1983) (citing *Taylor v. Anderson*, 234 U.S. 74, 75-76, 34 S. Ct. 724, 58 L. Ed. 1218 (1914)).

We find the RAP 18.9(a) approach does not fit easily in the personal restraint petition context. Even if a personal restraint petition raises legal issues that, out of context, are debatable, it still may be frivolous when there are clear independent grounds to dismiss. For example, the claims raised may be untimely under RCW 10.73.090 or .100. The petitioner may not be under "restraint" under RAP 16.4(b). The petitioner may have made a debatable showing of error without making any attempt to show the requisite prejudice necessary for collateral relief. *See In re Pers. Restraint of Coats*, 173 Wn.2d 123, 166-67, 267 P.3d 324 (2011) (citing *In re Pers. Restraint of Gentry*, 170 Wn.2d 711, 714, 245 P.3d 766 (2010); *In re Pers. Restraint of Stoudmire*, 141 Wn.2d 342, 355-56, 5 P.3d 1240 (2000)). The issue may already have been resolved on direct review, and the petitioner may make no effort to show the interests of justice require the issue to be reexamined. *In re Pers. Restraint of Gentry*, 137 Wn.2d at 388. The petitioner might raise a cognizable legal claim but fail to state with particularity the facts that would give rise to relief. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992). In any of these situations, a petition may be properly dismissed as frivolous even if the legal issue, properly raised, might be debatable. *See In re Pers. Restraint of St. Pierre*, 118 Wn.2d 321, 328-29, 823 P.2d 492 (1992). Similarly, as amicus Washington Association of Criminal Defense Lawyers (WACDL) rightly notes, a personal restraint petition might raise a cognizable factual claim that would prove frivolous upon a review of relevant documents,

5

such as a claim that the State breached a plea agreement when an examination of the plea agreement or transcript of the plea hearing finds the State never agreed to the allegedly breached term. Br. of Amicus Curiae WACDL at 4-5. The existence of a debatable issue is not enough.

Instead, we hold that a personal restraint petition is frivolous where it fails to present an arguable basis for collateral relief either in law or in fact, given the constraints of the personal restraint petition vehicle. *See, e.g., Neitzke v. Williams*, 490 U.S. 319, 325, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *accord Wallace v. State*, 820 N.W.2d 843, 850 (Minn. 2012) (holding a collateral attack "is 'frivolous' . . . if it is perfectly apparent, without argument, that the claims in the petition lack an objective, good-faith basis in law or fact"); *People v. Hodges*, 234 Ill.2d 1, 11-12, 912 N.E.2d 1204 (2009) ("a *pro se* petition seeking postconviction relief . . . may be summarily dismissed as frivolous or patently without merit only if the petition has no arguable basis either in law or in fact"). As will be discussed below, Khan's claim that his right to effective assistance of counsel was violated by his counsel's decision not to arrange for an interpreter has an arguable basis for relief and was not procedurally barred. Thus, it was error to dismiss this petition under former RAP 16.11(b).

But while it was error, Khan does not establish it was error for which the law gives a particular remedy.[3] Amicus WADCL argues that the acting chief judge lacked the authority to dismiss the petition by order, and Khan argues that an appropriate remedy for an improper RAP 16.11 dismissal is remand for

---

[3] Khan's briefing seems to suggest that he believes RAP 16.11 error is structural or constitutional error. Mot. for Discr. Review at 2-4. He has not made a persuasive case for either proposition.

consideration by a three judge panel. Neither establishes that RAP 16.11 error would warrant such relief, and such relief would be inconsistent with the Rules of Appellate Procedure generally. *E.g.*, RAP 1.2(a) ("These rules will be liberally interpreted to promote justice and facilitate the decision of case on the merits. Cases and issues will not be determined on the basis of compliance or noncompliance with these rules except in compelling circumstances."). Khan received the relief the rules clearly provide for—consideration of his motion for discretionary review. RAP 13.5A(a)(1); RAP 13.4(b). He has not shown that this relief is inadequate.

### 2. LACK OF AN INTERPRETER AND EFFECTIVE ASSISTANCE OF COUNSEL

Those charged with a crime have a constitutional right to effective assistance of counsel. *In re Pers. Restraint of Brett*, 142 Wn.2d 868, 873, 16 P.3d 601 (2001) (citing *Strickland v. Washington*, 466 U.S. 668, 684-86, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). Khan challenges the effectiveness of his counsel (and the resulting fairness of his trial) on the grounds he was unable to adequately understand the proceedings against him. He bears the burden of showing both "(1) that his counsel's performance fell below an objective standard of reasonableness and, if so, (2) that counsel's poor work prejudiced him." *State v. A.N.J.*, 168 Wn.2d 91, 109, 225 P.3d 956 (2010) (citing *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995)). Typically, in a collateral challenge, Khan would also bear the burden of showing actual and substantial prejudice, but to avoid requiring petitioners to show "'double prejudice,'" a personal restraint petitioner who makes a successful ineffective assistance of counsel claim meets the burden of showing actual and substantial prejudice. *In re Pers. Restraint of Crace*, 174 Wn.2d 835,

846-47, 280 P.3d 1102 (2012). "Prejudice is established when 'there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different.'" *In re Pers. Restraint of Brett*, 142 Wn.2d at 873 (quoting *State v. Hendrickson*, 129 Wn.2d 61, 78, 917 P.2d 563 (1996)).

The State argues that Khan is procedurally barred from raising this argument because he raised ineffective assistance of counsel on direct review. But Khan did not argue on direct review that counsel was ineffective for failing to obtain an interpreter; he argued that his counsel was ineffective for failing to object to testimony that his stepdaughter would suffer adverse social consequences for coming forward with her allegations and for failing to object to alleged prosecutorial misconduct. *Khan*, 2009 WL 1058626, at *2-6. We may consider a new ground for an ineffective assistance of counsel claim for the first time on collateral review. *Compare, e.g., State v. Brett*, 126 Wn.2d 136, 198, 892 P.2d 29 (1995) (considering ineffective assistance theory on direct review), *with In re Pers. Restraint of Brett*, 142 Wn.2d at 873 (reversing on other grounds *Brett*, 126 Wn.2d 136; considering new ineffective assistance theory on collateral review). This is such a new claim and may properly be considered.

Khan had both a statutory and constitutional right to an interpreter throughout the proceedings if he needed one. RCW 2.43.010, .030, .040(2); *State v. Gonzales-Morales*, 138 Wn.2d 374, 379, 979 P.2d 826 (1999); *State v. Woo Won Choi*, 55 Wn. App. 895, 901, 781 P.2d 505 (1989) (citing *United States v. Carrion*, 488 F.2d 12, 14 (1st Cir. 1973)); *United States ex rel. Negron v. New York*, 434 F.2d 386, 390 (2d Cir. 1970). He has submitted a sworn declaration, supported by affidavits from acquaintances, that creates a cognizable question of whether he did

8

need that assistance. Pers. Restraint Pet., App. B-C. Khan had lived in the United States for less than 10 years when this trial took place. *Id.* App. B at 1. He told his lawyer that he did not speak or understand English very well. *Id.* His attorney told him not to worry about it. *Id.* His lawyer did not discuss the court papers or witness statements with him. *Id.* Khan's declaration suggests that his lawyer's lack of communication allowed the State to paint the picture that he "was up at night only to molest [his] daughter" because his lawyer did not elicit testimony or present evidence about Khan's nightly prayer schedule. *Id.* at 2. Khan clearly did not understand some of the questions he was asked on the stand, most strikingly by testifying that despite having fathered children, he had never had an erection. 3 Verbatim Report of Proceedings (VRP) (Nov. 28, 2007) at 358, 372.

The State disputes Khan's characterization of his English language skills. Resp. to Pers. Restraint Pet. at 28-29. It responds with its own declarations that tend to show Khan was proficient in English and calls to our attention several portions of the record that tend to show Khan was fairly fluent in English. *Id.* at 28-29 (Ex. 17-18). Whether Khan needed an interpreter is not something we can ascertain from this record. He has met his burden as to this first prong under *Rice* of stating with particularity facts that, if proved, would entitle him to relief. 118 Wn.2d at 886. If in fact Khan's English language skills were such that he required an interpreter, his counsel was deficient for failing to obtain one.[4]

---

[4] Khan also asserts that the trial judge had a duty to provide him with an interpreter and that only he himself could waive the right to an interpreter. If in fact Khan's English fluency was such that the services of an interpreter were required, and if the trial judge knew that, both may be true. *See* RCW 2.43.060(1)(b); *Woo Won Choi*, 55 Wn. App. at 901 (citing *Carrion*, 488 F.2d at 14). But given that Khan did not raise the waiver issue in his personal restraint petition, the issue is not properly before us. Further, as Khan has not yet established either that he needed an

In the alternative, the State argues that counsel's decision not to obtain an interpreter was strategic and thus cannot be the basis of an ineffective assistance of counsel claim. *See McFarland*, 127 Wn.2d at 336 (legitimate trial strategy or tactics cannot be the basis of an ineffective assistance of counsel claim (citing *State v. Garrett*, 124 Wn.2d 504, 520, 881 P.2d 185 (1994))). Here, the State suggests, the decision not to obtain an interpreter was a legitimate trial strategy because it served the defense's theory that Khan's Americanized stepdaughter fabricated the molestation story in retaliation for Khan's enforcement of strict cultural norms, apparently on the theory that the jury would have more sympathy if it could contrast Khan's broken English with the victim's fluent testimony. We find this argument unavailing. First, nothing about having an interpreter would make the jury less likely to believe Khan was raised with different norms. Second, it deprived Khan of the ability to understand many of the questions he was asked on the stand and likely deprived him of the ability to understand many other aspects of the trial. This is not a meaningful strategy worthy of deference.

We turn now to the more difficult question: whether Khan has established "'a reasonable probability that, but for counsel's errors, the result of the trial would have been different.'" *In re Pers. Restraint of Brett*, 142 Wn.2d at 873 (quoting *Hendrickson*, 129 Wn.2d at 78). As an initial matter, we reject Khan's invitation to treat his counsel's decision not to provide an interpreter as structural error, mandating reversal without any showing of prejudice, and his invitation to

---

interpreter or that the trial judge knew that, he has not established the factual predicate for either argument.

presume prejudice. Suppl. Br. in Supp. of Pers. Restraint Pet. at 12; Mot. for Discr. Review at 14. Very few errors are structural, and very little error is presumed prejudicial. *Washington v. Recuenco*, 548 U.S. 212, 218, 126 S. Ct. 2546, 165 L. Ed. 2d 466 (2006) (quoting *Neder v. United States*, 527 U.S. 1, 8, 119 S. Ct. 1827, 144 L. Ed. 2d 35 (1999)); *United States v. Cronic*, 466 U.S. 648, 666, 104 S. Ct. 2039, 80 L. Ed. 2d 657 (1984). Even the failure to instruct the jury on an element of the crime charged or to base a sentence on a fact not charged and proved to the trier of fact is not characterized as structural error. *Recuenco*, 548 U.S. at 220; *Neder*, 527 U.S. at 8.

First, Khan argues that the lack of an interpreter prevented him from consulting with his attorney. Mot. for Discr. Review at 14. A deprivation of counsel at a critical stage may constitute structural error. *See In re Det. of Kistenmacher*, 163 Wn.2d 166, 185, 178 P.3d 949 (2008) (Sanders, J., concurring in part, dissenting in part). But Khan's declaration does not does not support this claim because it does not say he was unable to understand or communicate with counsel on any particular point or at any particular time. Second, Khan argues that without an interpreter, he was denied the right to be present at trial, resulting in structural error. Mot. for Disc. Rev. at 14. But even on direct review, violation of the right to be present is not structural error. *State v. Irby*, 170 Wn.2d 874, 885-86, 246 P.3d 796 (2011) (citing *Rushen v. Spain*, 464 U.S. 114, 117-18, 104 S. Ct. 453, 78 L. Ed. 2d 267 (1983)). We find these arguments unavailing. Khan bears the burden of showing prejudice.

The State argues strenuously that Khan has not shown sufficient prejudice for relief. We agree with the State in part: Khan has not established prejudice

11

sufficient to justify vacating his conviction. He simply has not shown that, even assuming counsel was deficient in failing to secure an interpreter, "'there is a reasonable probability that, but for counsel's errors, the result of the trial would have been different.'" *In re Pers. Restraint of Brett*, 142 Wn.2d at 873 (quoting *Hendrickson*, 129 Wn.2d at 78). This is likely in part a consequence of the high level of abstraction with which Khan is approaching this issue, rather than drilling down into how the lack of an interpreter caused him prejudice by demonstrating what specifically he would have done differently had he understood the proceedings or questions. While we understand that he believes this is structural error, he would have been well advised to present sufficient evidence and argument of prejudice in the alternative. *See In re Pers. Restraint of Coats*, 173 Wn.2d at 132 (citing *In re Pers. Restraint of Elmore*, 162 Wn.2d 236, 251, 172 P.3d 335 (2007)); *In re Pers. Restraint of Rice*, 118 Wn.2d at 886.

Generously construing his arguments and based on our own review of the record, we find sufficient grounds to warrant a reference hearing on prejudice. For example, when Khan was questioned closely about his wife's testimony that he was standing over his stepdaughter with an erection, his testimony strongly suggests he had only limited ability to either understand the questions or meaningfully respond to them. 3 VRP (Nov. 28, 2007) at 358. There may have been other instances where had he had the assistance of an interpreter, he might have been able to assist his attorney in specific, tangible ways. Should the trial court find Khan's language skills were such that he was entitled to the assistance of an interpreter, it shall also determine whether there is a reasonable probability that but for counsel's errors, the result of the trial would have been different. *See In re*

12

*Pers. Restraint of Crace*, 174 Wn.2d at 846-47; *In re Pers. Restraint of Brett*, 142 Wn.2d at 873 (quoting *Hendrickson*, 129 Wn.2d at 78).

### 3. REMAINING CLAIMS

We find the remaining claims unavailing. Briefly, Khan contends that his trial counsel was ineffective for failing to move for a mistrial or to seek a curative instruction after the prosecutor allegedly exploited his lack of English proficiency. This is, in essence, a repackaging of the prosecutorial misconduct claim resolved on direct review. *Khan*, 2009 WL 1058626, at *2. We will reconsider claims resolved on direct review in a subsequent personal restraint petition only if the interests of justice require reconsideration. *In re Pers. Restraint of Brown*, 143 Wn.2d 431, 445, 21 P.3d 687 (2001). Khan makes no effort to meet that standard. This claim was properly dismissed below.

Khan also claims his counsel was ineffective for failing to secure an expert to testify that his stepdaughter lacked physical injuries consistent with her testimony. Khan supports this with affidavits from several experts that suggest counsel could have more effectively presented his theory that the victim's story was inconsistent with her injuries by offering expert testimony to the point. Pers. Restraint Pet., Apps. D-F. But the decision not to put on a defense expert was a reasonable trial strategy. Khan's attorney could have reasonably decided that a clash of experts on genital scarring and the size of Khan's fingers would not have helped his client's defense. Khan also identifies no prejudice that likely flowed from this decision, and none is easily apparent. Counsel cross-examined the State's expert who admitted that there were no physical signs of abuse, and counsel

made good use of that fact in closing arguments. 2 VRP (Nov. 27, 2007) at 247, 257; 4 VRP (Nov. 29, 2007) at 455-56. This claim was also properly dismissed.

CONCLUSION

No one "should face the Kafkaesque spectre of an incomprehensible ritual which may terminate in punishment." *Carrion*, 488 F.2d at 14. Khan has presented sufficient facts to warrant a reference hearing on whether his English fluency at the time of trial demanded an interpreter. If so, we hold that his counsel was ineffective for failing to provide one. At this reference hearing, Khan must be afforded the opportunity to establish he was prejudiced by this deficient performance sufficient for collateral relief. We reverse the Court of Appeals' order dismissing this personal restraint petition and remand to that court for further proceedings consistent with this opinion.

Gonzále z, J.

WE CONCUR:

Stephens, J.

Wiggins, J.

Gordon McCloud, J.

No. 89657-7

YU, J. (concurring)—I agree with the majority that Zahid Khan has made a preliminary factual showing that warrants a reference hearing, but I write separately to emphasize the fundamental nature of the right to an interpreter.

The right to effective assistance of counsel and due process protections afford criminal defendants a constitutional right to an interpreter. We have long recognized that to proceed without an interpreter renders a trial "a meaningless ceremony, and the prisoner [would be] tried in violation of the laws and constitution of the land." *Elick v. Wash. Territory*, 1 Wash. Terr. 137, 140 (1861). More recently, we have held that "the right of a defendant in a criminal case to have an interpreter is based upon the Sixth Amendment constitutional right to confront witnesses and 'the right inherent in a fair trial to be present at one's own trial.'" *State v. Gonzales-Morales*, 138 Wn.2d 374, 379, 979 P.2d 826 (1999) (quoting *State v. Woo Won Choi*, 55 Wn. App. 895, 901, 781 P.2d 505 (1989)) (relying on CONST. amend. VI); *see also United States ex rel. Negron v. New York*,

1

434 F.2d 386, 389 (2d Cir. 1970). The legislature has also recognized this right and declared it to be a public policy "to secure the rights, constitutional or otherwise, of persons who, because of a non-English-speaking cultural background, are unable to readily understand or communicate in the English language, and who consequently cannot be fully protected in legal proceedings unless qualified interpreters are available to assist them." RCW 2.43.010. Finally, we have authorized access to this right in a court rule. GR 11.

A defendant cannot waive the right unless he does so knowingly, voluntarily, and intelligently. RCW 2.43.060(1)(b). There is no question Khan had a constitutional and statutory right to an interpreter—a right that he did not waive and a right that his attorney could not waive for him, even under the guise of trial strategy. Khan's trial occurred without his full understanding of the proceedings. The trial record is replete with examples of his struggle to understand and respond to questions, which goes to the very core of a fair, public trial.

While we do not accept Khan's invitation to presume prejudice and to treat his counsel's decision to forgo the services of an interpreter as structural error in this case, our jurisprudence continues to evolve. There may come a time where we hold that the lack of a language interpreter in a criminal proceeding constitutes such an error because if an essential interpreter is not provided, "'the likelihood that any lawyer, even a fully competent one, could provide effective assistance is

2

so small that a presumption of prejudice is appropriate without inquiry into the actual conduct of the trial.'" *In re Pers. Restraint of Davis*, 152 Wn.2d 647, 674, 101 P.3d 1 (2004) (internal quotation marks omitted) (quoting *Visciotti v. Woodford*, 288 F.3d 1097, 1106 (9th Cir.), *rev'd on other grounds*, 537 U.S. 19, 123 S. Ct. 357, 154 L. Ed. 2d 279 (2002); *see also In re Pers. Restraint of Stockwell*, 179 Wn.2d 588, 608-09, 316 P.3d 1007 (2014) (Gordon McCloud, J., concurring) (citing cases where we have reversed on collateral review without a showing of prejudice). The growing diversity of our population will no doubt require judges to assume an affirmative role in ensuring that individual litigants fully understand the proceedings.

The nature of the rights at issue—the right to understand the charges, the right to confront witnesses, and the right to participate in a meaningful way at one's own trial—are basic trial rights. Being haled into court to face proceedings that one cannot understand or participate in without an interpreter jeopardizes fundamental due process. Justice demands more, and Washington law requires it.

_____ Yu, J.

No. 89657-7

FAIRHURST, J. (dissenting)—Under former RAP 16.11(b) (1998), the acting

chief judge (ACJ) of the Court of Appeals had three options when assessing a

personal restraint petition (PRP): decide the PRP is frivolous and dismiss, refer the

PRP to a panel of judges to determine the PRP based solely on the record, or transfer

the PRP to the superior court to either conduct a reference hearing or determine the

merits, including information outside the record. I agree with the majority that Zahid

Khan's PRP was not frivolous and therefore the ACJ erred in dismissing the PRP.

But I cannot agree with the remedy the majority now orders—allowing Khan to

proceed with a reference hearing on his ineffective assistance of counsel claim.

Because I believe this PRP can be decided on the record before us and because Khan

fails to allege prejudice necessary to warrant relief, I dissent.

1

A. Khan is not entitled to a reference hearing

The majority grants Khan a reference hearing to resolve the factual dispute of "whether [Khan's] English fluency at the time of trial demanded an interpreter." Majority at 14. But Khan has not demonstrated he is entitled to a reference hearing on this matter.

Our case law on reference hearings makes clear that not "every set of allegations which is not meritless on its face entitles a petitioner to a reference hearing." *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886, 828 P.2d 1086 (1992). Rather, "the purpose of a reference hearing is to resolve genuine factual disputes, not to determine whether the petitioner actually has evidence to support his allegations." *Id.* The petitioner must set forth "with particularity" the facts that would entitle him to relief if proved. *Id.* If the petitioner's allegations rest on information outside the record, "the petitioner must demonstrate that he has competent, admissible evidence to establish the facts that entitle him to relief." *Id.*

Here, Khan has failed to identify particular disputed facts that could entitle him to relief if proved at a reference hearing. The competing declarations produced by Khan and the State fail to raise a relevant, material dispute. These declarations are authored by former coworkers, acquaintances, and fellow inmates regarding Khan's English skills. While the documents do dispute Khan's English proficiency,

2

the debate is not relevant to our analysis because the declarations are based on conversations and relationships outside of a trial setting. The declarations tell us little about his ability to understand the happenings in and communicate at his own trial. The trial transcripts sufficiently reflect Khan's ability to communicate at trial. Khan thus fails raise a genuine factual dispute that would entitle him to a reference hearing.

Nor is Khan entitled to a reference hearing for a determination of what portions of trial he did not understand. Khan simply has not provided sufficient evidence to warrant an evidentiary hearing on this point. In his declaration, he merely states that "[d]uring trial, I understood some things that were said and did not understand other parts of trial." PRP, App. B at 2, para. 14. Such a bald assertion is not sufficient to warrant a reference hearing under *Rice*, 118 Wn.2d at 886. Rather, in order to obtain a reference hearing, it is Khan's burden to state with particularity what portions of trial he did not understand. *Id.* Khan is not entitled to meet this initial burden at the hearing because "the purpose of a reference hearing is . . . not to determine whether the petitioner actually has evidence to support his allegations." *Id.*

Khan does not otherwise describe the type of evidence he could raise in a reference hearing relating to his language abilities at trial or explain how he or any potential witnesses might demonstrate his English abilities years after the relevant

event. Certainly, such evidence could and should have been attached to Khan's initial PRP in the form of a declaration. Without such evidence, Khan fails to show how an evidentiary hearing would be helpful to resolve his ineffective assistance of counsel claim.

Perhaps most importantly, as discussed further below, Khan fails to prove he was prejudiced by the lack of an interpreter at his trial, and we may deny a reference hearing on this ground alone. *Id.* at 889 ("No evidentiary hearing is required in a collateral proceeding if the defendant fails to allege facts establishing the kind of prejudice necessary to satisfy the *Strickland* [*v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)] test."). For example, in *Rice*, we declined to grant a reference hearing when the petitioner failed to present sufficient evidence that the error he alleged at trial would have impacted the outcome of his case. *Id.* at 893.

B.     Khan fails to establish prejudice

To obtain relief in a PRP on an ineffective assistance of counsel claim, a petitioner must satisfy the two-pronged *Strickland* standard. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 846-47, 280 P.3d 1102 (2012). First, a petitioner must show that his attorney's performance was deficient. *Strickland*, 466 U.S. at 687; *State v. Hendrickson*, 129 Wn.2d 61, 77-78, 917 P.2d 563 (1996). Second, a petitioner must establish prejudice by showing that but for counsel's unprofessional errors, there is

a reasonable probability that the result would have been different. *Strickland*, 466 U.S. at 687; *Hendrickson*, 129 Wn.2d at 78. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Strickland*, 466 U.S. at 694. If the petitioner fails to meet one of the prongs, the inquiry ends and we need not analyze the case further. *Crace*, 174 Wn.2d at 847 (holding the petitioner failed to establish prejudice under *Strickland* and therefore declining to address whether counsel's performance was deficient).

Khan fails to demonstrate how his counsel's failure to provide an interpreter prejudiced him or impacted the outcome of his case. He generally asserts that the lack of an interpreter injured his credibility. But Khan does not present any analysis or argument that his credibility would have been significantly improved with an interpreter. Further, it is more likely that his credibility was injured from evidence produced at trial, such as the testimony from Eram Mirza and Sanober Mirza that they both saw Khan standing near R.H. with an erection. This was highly relevant and consistent with R.H.'s allegations of abuse. R.H. and Eram also testified to the negative backlash they received from their cultural and religious community as a result of their decision to testify against a family member. This testimony lent significant credibility to their allegations, as the jury would not likely believe that R.H. and Eram would endure such disapproval if the allegations were false. Khan

does not explain how an interpreter would have impacted his credibility in a way that could influence the result of his trial.

Khan does not otherwise claim that the outcome of his case would have been different had he been provided an interpreter. As the majority acknowledges, Khan discusses prejudice only at a very "high level of abstraction . . . rather than drilling down into how the lack of an interpreter caused him prejudice by demonstrating what specifically he would have done differently had he understood the proceedings or questions." Majority at 12. He does not explain what particular aspects of his proceedings he did not understand, nor does he state any other evidence he would have provided had he been aided by an interpreter. Although his allocution at sentencing was strained, Khan does not now indicate that he would have stated anything differently with the assistance of an interpreter. Moreover, the trial transcript reveals that when Khan expressed confusion, questions were rephrased and Khan provided the relevant information. 3 Verbatim Report of Proceedings at 342-43, 349, 355, 382-83, 391, 401-02. In addition, Khan was able to communicate his version of events and clearly deny the allegations against him. *See id.* at 344-45.

Khan has not shown how he was prejudiced by his trial counsel's decision to not secure an interpreter. He simply fails to produce any argument that shakes confidence in the outcome of the trial.

6

The majority gives Khan the opportunity to show prejudice at a reference hearing. Majority at 12. But this is not the purpose of a reference hearing. Khan must at least demonstrate that he has some sort of genuine factual dispute to resolve on the issue; the reference hearing should not be a new forum "to determine whether the petitioner actually has evidence to support his allegations." *Rice*, 118 Wn.2d at 886. Khan has failed to demonstrate prejudice under *Strickland* or even raise a factual dispute on the matter.

C.    Conclusion

I agree with the majority that the ACJ's order violated the procedure set forth in former RAP 16.11(b) by dismissing a nonfrivolous PRP. However, I disagree that Khan is entitled to a reference hearing on his ineffective assistance of counsel claim. Khan has failed to allege any factual dispute sufficient to warrant an evidentiary hearing. I would hold that Khan has failed to establish or raise a factual dispute about how the lack of an interpreter prejudiced the outcome of his trial. Without such a showing, Khan is not entitled to relief or the opportunity to further develop his claims. I respectfully dissent.

Fairhurst, J.

Johnson, J.

Owens, J.

Madsen, C.J.