

FILE

IN CLERKS OFFICE
SUPREME COURT, STATE OF WASHINGTON

DATE MAY 1 0 2018

Fairhurst, CJ.
CHIEF JUSTICE

This opinion was filed for record

at 8:00 Am on May 10, 2018

Susan Carlson
SUSAN L. CARLSON
SUPREME COURT CLERK

# IN THE SUPREME COURT OF THE STATE OF WASHINGTON

| | |
|---|---|
| In the Matter of the Personal Restraint of<br><br>ROBERT EDWARD JAMES,<br><br>Petitioner. | NO. 9 4 8 6 9 - 1<br><br>EN BANC<br><br><br>Filed: **MAY 1 0 2018** |

PER CURIAM—Robert James timely filed a personal restraint petition with supporting documents. The acting chief judge of Division Two of the Court of Appeals dismissed the petition as frivolous, and this court's commissioner denied James's motion for discretionary review. Based on the evidence included in James's pleadings and the State's subsequent statements, we grant James's motion to modify the commissioner's ruling, grant discretionary review, and remand to the Court of Appeals for further consideration.

## FACTS

A jury convicted James of second degree rape.[1] At trial, the State presented evidence that a swab from S.C.'s neck contained a mixed DNA (deoxyribonucleic acid)

---

[1] The Court of Appeals addressed the facts in detail on James's direct appeal. *State v. James*, No. 44906-4-II (Wash. Ct. App. Mar. 31, 2015) (unpublished),

profile consistent with James and S.C. All of the male DNA located on S.C. matched James. The anal swab obtained from S.C. contained P30, a protein commonly found in semen, but no DNA was recovered from the swab. James's defense was general denial based on the theory that while he engaged in consensual nonintercourse sexual activity with S.C., she was raped by someone else after he left. In the defense trial brief, defense counsel accurately stated that James's DNA was found on both sides of S.C.'s neck, but in a possible reference to the P30 found in the anal swab, counsel erroneously added that an "unidentified male's DNA" was found elsewhere on her body.

The State's DNA expert testified on direct examination that the anal swabs were tested for P30, a protein used to indicate the presence of semen. The expert further explained that the P30 test cannot identify the donor of the semen. The P30 test results were positive for the presence of semen, but the anal swabs contained no male DNA. Yet, after this explanation, James's defense counsel asked if the expert was able to retrieve DNA from the anal swab, and why she was unable to do so. When the expert again explained that a presumptive test for semen does not always yield DNA, defense counsel responded by incorrectly implying that the expert had concluded there was more than one male DNA profile on the victim:

> [DEFENSE COUNSEL:] Okay, now, you found another deduced male profile from the right neck sample?
>
> [EXPERT:] The mixture is consistent with [the victim] and Mr. James, with the assumption that [the victim] is present on her own neck swab. The types of the STRs [(short tandem repeats)] that are present do not belong to her and can be subtracted out into a deduced male profile.

---

http://www.courts.wa.gov/opinions/pdf/D2%2044906-4-II%20%20Unpublished%20Opinion.pdf.

Verbatim Report of Proceedings (Mar. 27, 2013) at 83. Then, in response, defense counsel again incorrectly indicated that there was more than one male DNA profile on victim:

> [DEFENSE COUNSEL:] Okay, and that would be something other than the profile of Mr. James?
>
> [EXPERT:] No, in fact, those types do match Mr. James. . . .

*Id.* at 84.

The jury found him guilty. As noted above, James, acting pro se, timely filed a personal restraint petition in the Court of Appeals on October 20, 2015, asserting several grounds for relief. James was permitted to file an overlength brief with several documents attached, including his personal declaration, a Washington State Patrol crime laboratory DNA report, and letters he wrote to defense counsel and the prosecutor that included repeated requests for a copy of an allegedly favorable plea offer.

The acting chief judge ultimately dismissed the personal restraint petition as frivolous, explaining his ruling as to each claim. James timely moved for this court's discretionary review. In denying review, the commissioner indicated that James failed to provide adequate evidence to support the claim that counsel was ineffective for failing to properly investigate and understand the DNA evidence. James moved to modify the commissioner's ruling on various grounds, and the court directed the State to respond to the motion. For reasons explained below, we grant the motion to modify, grant the motion for discretionary review, and remand to the Court of Appeals for further proceedings.

ANALYSIS

In considering a personal restraint petition, the chief or acting chief judge of the Court of Appeals first considers the petition without oral argument. If the issues presented are "frivolous," the chief judge will dismiss the petition. RAP 16.11(b). "Frivolous" in this context means that the petition "fails to present an arguable basis for ... relief ... in law or in fact, given the constraints of the personal restraint petition vehicle." *In re Pers. Restraint of Khan*, 184 Wn.2d 679, 686-87, 363 P.3d 577 (2015) (plurality opinion); *see also In re Pers. Restraint of Caldellis*, 187 Wn.2d 127, 135, 385 P.3d 135 (2016). "If the petition is not frivolous and can be determined solely on the record, the Chief Judge will refer the petition to a panel of judges for determination on the merits." RAP 16.11(b).

The acting chief judge likely was correct in determining that the majority of James's claims for relief are frivolous, but James's ineffective assistance of counsel claim based on counsel's failure to understand the DNA evidence may not be frivolous, and it is not clear that the evidence presented and the State's statements regarding a plea offer were fully considered below. Principles of effective assistance of counsel require counsel to "'assist[] the defendant in making an informed decision as to whether to plead guilty or to proceed to trial.'" *State v. Estes*, 188 Wn.2d 450, 464, 395 P.3d 1045 (2017) (quoting *State v. A.N.J.*, 168 Wn.2d 91, 111, 225 P.3d 956 (2010)). At a minimum, this includes "'reasonably evaluat[ing] the evidence against the accused and the likelihood of a conviction if the case proceeds to trial.'" *Id.* (quoting *A.N.J.*, 168 Wn.2d at 111-12).

James contends that he has provided sufficient evidence that his counsel misunderstood the State's DNA evidence and that this led him to reject a highly

favorable plea offer. The State has filed a response and appears to acknowledge that James rejected a plea offer. Suppl. Resp. to Pers. Restraint Pet. at 3 (James "now regrets his decision to take his case to trial."). James asserts that his attorney incorrectly told him there was an unidentified male's DNA found on the victim—DNA that *did not* match James and *could* be matched to someone else; essentially, that the DNA evidence would support a defense theory that someone else could have committed the crime. Thus, James's documentary evidence, combined with the State's apparent acknowledgement that there was a plea offer, provides sufficient factual basis for more detailed consideration by the Court of Appeals as to James's claim that defense counsel was ineffective in misinterpreting the DNA report, including consideration of whether further factual development is justified by way of a reference hearing or whether to request the State to admit or deny specific factual allegations. *See* RAP 16.9(b); RAP 16.11(b).

The commissioner's ruling is modified, discretionary review is granted, and the matter is remanded to the Court of Appeals for further proceedings on James's personal restraint petition.[2]

---

[2] James's motion to sanction the State and his request for appointment of counsel are denied, in light of this ruling, as moot.