IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Personal Restraint of: | ) ) | No. 38777-1-III |
| JASON LEROY DAVIS, | ) ) | UNPUBLISHED OPINION |
| Petitioner. | ) | |

PENNELL, J. — Jason Leroy Davis is serving a life sentence as a result of a conviction for one count of first degree burglary. Mr. Davis was also convicted of two counts of a protection order violation. He has filed a personal restraint petition (PRP) challenging the convictions. Several of Mr. Davis's claims are untimely and do not qualify for review. Of the timely claims, none merit relief. The PRP is therefore dismissed.

## FACTS

Jason Leroy Davis was subject to a protection order prohibiting him from having contact with his estranged wife. While the protection order was in place, Mr. Davis drove his child to the wife's house after a scheduled visit. Upon arriving at the home, Mr. Davis became upset and went inside. An argument ensued, resulting in a physical altercation between Mr. Davis and his estranged wife.

Mr. Davis was initially charged with one count of residential burglary and one count of violation of a protection order. The parties engaged in discovery and plea negotiations. The State then successfully moved to amend the charges to add one count of first degree burglary and second count of violation of a protection order.

The case proceeded to a jury trial and Mr. Davis was convicted as charged in the amended information. The State sought a life sentence based on the first degree burglary conviction, arguing Mr. Davis qualified as a persistent offender under former RCW 9.94A.030(38) (2015). The trial court agreed and imposed a life sentence on the first degree burglary conviction. The terms of incarceration for the remaining three convictions were ordered to run concurrently.

Mr. Davis timely appealed his convictions and sentence. This court largely affirmed, but remanded with instructions to vacate Mr. Davis's conviction for residential burglary based on double jeopardy. *See State v. Davis*, No. 36859-9-III (Wash. Ct. App. Aug. 20, 2020) (unpublished), https://www.courts.wa.gov/opinions/pdf/368599_unp.pdf.

*Procedural history after direct appeal*

The opinion in Mr. Davis's direct appeal was filed on August 20, 2020. *Id*. A motion for reconsideration was denied on October 6, 2020. The Washington Supreme

No. 38777-1-III
*In re Pers. Restraint of Davis*

Court denied Mr. Davis's petition for review on March 3, 2021. The appellate mandate returning the case to the superior court was issued on March 11, 2021.

Acting pro se, Mr. Davis filed his PRP with this court on March 1, 2022. He later filed a motion to supplement his PRP on June 10, 2022, together with his supplemental PRP. The clerk of this court granted Mr. Davis's motion, accepted the supplemental PRP for filing, waived the filing fee, and called for a response from the State. The State responded to the PRP and moved to strike hearsay statements in Mr. Davis's supplemental PRP, including its Appendix H. The State's motion to strike was referred to the acting chief judge to be decided with the PRP. Mr. Davis then filed a reply in support of the PRP. The acting chief judge deemed the PRP not frivolous and found Mr. Davis indigent, and ordered that (1) the PRP be referred to a three-judge panel for a decision on the merits, (2) Mr. Davis be appointed counsel, and (3) a schedule be set for supplemental briefing. After supplemental briefing had been submitted, the PRP and motion to strike were set for consideration by this panel without oral argument.

ANALYSIS

*Timeliness of petition*

A personal restraint petition must be filed within one year of the date a judgment and sentence becomes final. RCW 10.73.090(1). Here, the mandate on Mr. Davis's direct

3

appeal was filed on March 11, 2021. Mr. Davis's judgment and sentence therefore became final as of that date. RCW 10.73.090(3)(b). Although the 2021 decision remanded Mr. Davis's case with instructions to vacate his residential burglary conviction, this was merely a ministerial correction to the judgment and sentence and did not change the finality date. *See State v. Kilgore*, 167 Wn.2d 28, 41, 216 P.3d 393 (2009) (A case is final when no appealable issues remain.). Thus, outside an exception to the one-year time bar, Mr. Davis needed to file his PRP on or before March 11, 2022. RCW 10.73.090(1).

Because Mr. Davis's initial PRP was filed on March 1, 2022, it was timely and will be considered on the merits.

But Mr. Davis's June 10, 2022, supplemental PRP and June 6, 2023, supplemental brief both raise new facts and claims that were not filed within the one-year time limit. Such newly raised claims do not relate back to the original PRP. *See In re Pers. Restraint of Haghighi*, 178 Wn.2d 435, 446-47, 309 P.3d 459 (2013) (An untimely PRP submission resting on "facts and legal theory entirely distinct" from a timely PRP claim will not relate back.). Although the COVID-19 pandemic and lack of responsiveness from trial counsel may have posed some hardships to Mr. Davis, he has not submitted any documents or legal citations with his June 10, 2022, and June 6, 2023, filings that were not available to him in March 2022. We therefore find no basis for tolling the one-year

time period. *See id.* (Equitable tolling does not apply when the petitioner could have raised all claims along with the timely PRP.).

An exception to the one-year time bar applies when a judgment and sentence is invalid on its face. RCW 10.73.090(1). "'[I]nvalid on its face' means the judgment and sentence evidences the invalidity without further elaboration." *In re Pers. Restraint of Goodwin*, 146 Wn.2d 861, 866, 50 P.3d 618 (2002).

Mr. Davis claims his judgment is invalid on its face because the Persistent Offender Accountability Act of the Sentencing Reform Act of 1981 (POAA), chapter 9.94A RCW, is unconstitutional. We disagree with this characterization. No court has ever declared the POAA unconstitutional. Analyzing a constitutional attack of the POAA would require an elaboration of facts and law outside Mr. Davis's judgment and sentence. Mr. Davis's attempt to avoid application of the one-year time bar based on facial invalidity therefore fails.[1]

---

[1] Despite arguing his claim under RCW 10.73.090(1), Mr. Davis's argument follows the framework of RCW 10.73.100(2), which exempts from the time bar claims of constitutional challenges of the statute a defendant was convicted under either on its face or as applied. This argument also fails. "The statute does not provide an exception for when *the statute under which the defendant was sentenced* was unconstitutional," as Mr. Davis argues here. *In re Pers. Restraint of Williams*, 18 Wn. App. 2d 707, 716, 493 P.3d 779 (2021). Thus, the exception to the time bar does not apply.

Based on the foregoing, we strike as untimely the additional claims for relief

asserted by Mr. Davis on June 10, 2022, and June 6, 2023. Our review is limited to the

timely claims filed on March 1, 2022.

*Analysis of timely claims*

To obtain relief through a PRP, Mr. Davis must show actual and substantial

prejudice resulting from alleged constitutional errors or, for alleged nonconstitutional

errors, a fundamental defect that inherently results in a complete miscarriage of justice.

*In re Pers. Restraint of Cook*, 114 Wn.2d 802, 813, 792 P.2d 506 (1990). To avoid

dismissal, Mr. Davis must support his claims with facts and not merely bald or conclusory

allegations. *Id*. at 813-14. The supporting evidence must be based on "more than

speculation, conjecture, or inadmissible hearsay," and failure to provide such evidence

necessitates dismissal of the petition. *In re Pers. Restraint of Rice*, 118 Wn.2d 876, 886,

828 P.2d 1086 (1992). This court will dismiss a petition if it "fails to present an arguable

basis for collateral relief in either law or in fact, given the constraints of the personal

restraint petition vehicle." *In re Pers. Restraint of Khan*, 184 Wn.2d 679, 686-87, 363

P.3d 577 (2015) (plurality opinion).

No. 38777-1-III
*In re Pers. Restraint of Davis*

*Assistance of counsel*

Mr. Davis contends his trial counsel rendered ineffective assistance. To be entitled to relief, Mr. Davis must show both that (1) defense counsel's representation was deficient and (2) the deficient representation was prejudicial. *In re Pers. Restraint of Crace*, 174 Wn.2d 835, 840, 846-47, 280 P.3d 1102 (2012) (citing *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984)). A petitioner establishes actual and substantial prejudice if they meet the standard of prejudice applicable on direct appeal: that but for counsel's deficient performance, there is a reasonable probability the outcome would have been different. *In re Pers. Restraint of Lui*, 188 Wn.2d 525, 538-39, 397 P.3d 90 (2017). If one prong of the *Strickland* test fails, this court need not address the remaining prong. *State v. Crow*, 8 Wn. App. 2d 480, 507, 438 P.3d 541 (2019).

1. *Failure to properly request continuances and follow court rules*

Mr. Davis argues trial counsel moved for several continuances without following the court's procedures for requesting the continuances. He also seemingly contends trial counsel requested continuances without accomplishing the objectives listed as reasons for the continuances, despite admonishments from the superior court.

7

Mr. Davis does not explain how counsel's purported struggles with court procedures impacted the outcome of his case. This claim therefore fails.

### 2. *Failure to object to the State's amended information*

Mr. Davis contends trial counsel was ineffective when they failed to object to the State's amended information. But the record shows that trial counsel did object and the objection was overruled. This claim fails.

### 3. *Failure to enter a not guilty plea under the second amended information*

Mr. Davis argues trial counsel was ineffective because they failed to insist Mr. Davis be arraigned on the second protection order violation charge, which was added when the State amended the information. Mr. Davis does not explain how he was prejudiced by this purported mistake. His claim for relief therefore fails.

### 4. *Failure to interview critical witness and conduct other witness interviews*

Mr. Davis argues trial counsel was ineffective because they failed to research, investigate, or interview a single witness, most notably Mr. Davis's child, who was a witness to the events in question. But the record indicates trial counsel did interview the child by telephone. Defense counsel did not call the child as a witness at trial, explaining her testimony was unnecessary because Mr. Davis had decided to testify.

Rep. of Proc., *State v. Davis*, No. 36859-9-III (RP) (Mar. 6, 2019) at 188-89. Given

defense counsel did interview the child and decided not to call the child to testify for

strategic reasons, Mr. Davis has not shown either deficient performance or prejudice.

Mr. Davis also does not specify any other witness he contends trial counsel should have

interviewed, and provides no evidence showing his allegations are based on more than

mere speculation. This claim fails.

### 5. *Counsel's pretrial representation that Mr. Davis would not testify*

Mr. Davis appears to contend that, at a pretrial hearing, trial counsel incorrectly

told the trial court that Mr. Davis would not be testifying at trial. Mr. Davis does not

explain how he was prejudiced by trial counsel's statement. This claim fails.

### 6. *Failure to understand jury pools and jury questionnaires*

Mr. Davis appears to claim trial counsel was ineffective in selecting a jury. His

argument on this score consists of just one line in his petition. He states, "Incompetence

in understanding of jury pools and declines any questionnaires for jurors; can find no

issues or reasons of why jurors may be biased (in a domestic violence case)." PRP at 15

(citing RP (Jan. 11, 2019) at 33-35). Mr. Davis provides no argument regarding what

specifically was deficient about trial performance. And he does not explain how he was

prejudiced by trial counsel's performance regarding the mechanics of jury selection. This claim fails.

### 7.  Failure to obtain co-counsel

Mr. Davis next argues trial counsel was ineffective because they failed to associate with co-counsel as suggested by the trial court. The record reflects that the trial court encouraged trial counsel to associate with co-counsel, that trial counsel sought additional time to associate with co-counsel, but that co-counsel never appeared in the case. The record contains no evidence as to why trial counsel did not associate with co-counsel. Nor does Mr. Davis show that he was prejudiced by the absence of co-counsel. This claim therefore fails.

### 8.  Conceding guilt

Mr. Davis argues trial counsel was ineffective by conceding guilt during opening statement and summation. Specifically, during opening statement and summation defense counsel agreed that Mr. Davis had entered his estranged wife's house and that he violated the protection order. The State responds that defense counsel's arguments were strategic and designed to gain trust with the jury in order to argue against the first degree burglary charge. We agree with the State.

Defense counsel does not behave ineffectively by acknowledging undeniable facts, even if such facts mean the defendant is guilty of a particular count. *See State v. Silva*, 106 Wn. App. 586, 596, 24 P.3d 477 (2001). Here, the evidence was overwhelming that Mr. Davis had violated the protection order. He had exchanged text messages with his estranged wife in violation of the order, made a postarrest statement in which he admitted to going to his estranged wife's house on the date of the alleged assault and burglary, and admitted during his own testimony that he had gone inside the wife's house on the date in question.

Defense counsel made an apparently strategic decision to argue that Mr. Davis may have violated the protection order, but he was not guilty of anything more serious because he never engaged in an assault. This argument was consistent with Mr. Davis's testimony. Had the jury agreed with counsel's argument, Mr. Davis would have been acquitted of any charges that required proof of assault, such as first degree burglary and one of the two protection order violations. And the jury likely would have acquitted Mr. Davis of residential burglary, since it may have found that he did not enter or remain in the wife's home to commit a crime.

Given the circumstances of Mr. Davis's case, defense counsel's strategy was reasonable. Based on his judgment and sentence, it appears Mr. Davis would have been

facing no more than five years in prison had defense counsel's strategy prevailed. This was a much better outcome than the mandatory life term required by the first degree burglary conviction. The fact that defense counsel's strategy was unsuccessful does not mean counsel performed deficiently. *Strickland*, 466 U.S. at 689. This claim for relief therefore fails.

### 9. *Failure to request self-defense instruction*

Mr. Davis argues trial counsel was ineffective because they did not propose a self-defense jury instruction despite arguing that Mr. Davis violated the protection order in self-defense. This ground for relief was previously raised and rejected on direct review. We therefore will not revisit this argument unless we determine review is necessary in the interests of justice. *See In re Pers. Restraint of Knight*, 196 Wn.2d 330, 341, 473 P.3d 663 (2020). The interests of justice may be met if there is an intervening change in the law or some other justification for failing to raise a crucial point or argument. *Id.*

Mr. Davis argues that the interests of justice warrant review of this claim because this ground for relief had been raised on appeal only through a RAP 10.10 pro se statement of additional grounds for review (SAG), and Mr. Davis had limited time to develop the claim. Mr. Davis also complains that this court's opinion on direct appeal dedicated only one paragraph to the self-defense instruction claim.

We do not find good cause to reconsider our prior decision. A SAG is intended to provide an appellant an opportunity to raise "additional grounds for review" that were not raised by legal counsel. RAP 10.10(a). This court treats issues raised in an appellant's SAG with the same consideration as issues raised by counsel. At times, the issue raised in a SAG may be the lone issue that warrants providing relief. *See, e.g.*, *State v. Whitlock*, 188 Wn.2d 511, 518 n.3, 396 P.3d 310 (2017). The fact that an issue raised by counsel or in a pro se SAG results in only a brief discussion in a final opinion does not mean that it has not been fully considered. To the extent a party believes the court has overlooked or misapprehended a fact or detail in its opinion, the remedy is to move for reconsideration. *See* RAP 12.4. The remedy is not to revisit a decided issue through filing a PRP.

      *10.    Failure to request a lesser-included offense instruction*

Mr. Davis argues his trial counsel was ineffective for failing to argue for a lesser-included offense jury instruction. However, his contentions do not specify which lesser-included offense he believes should have been included. This claim does not, therefore, merit further review.

*Double jeopardy*

Apart from his ineffective assistance claims, Mr. Davis argues his two protection order violation convictions violate his right to be free from double jeopardy. We are

unconvinced. As tried to the jury, Mr. Davis's two protection order charges were based on separate conduct. One count involved Mr. Davis's contact with his estranged wife through the use of a mobile phone. The other count involved Mr. Davis's assault of his estranged wife when he entered her residence. Double jeopardy does not prohibit separate convictions and punishments for these two separate offenses. *See State v. Mutch*, 171 Wn.2d 646, 655-56, 254 P.3d 803 (2011).

## CONCLUSION

None of Mr. Davis's claims of error warrant relief or further hearing. The PRP is dismissed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Pennell, J.

WE CONCUR:

_____          _____
Staab, A.C.J.                              Fearing, J.

14